**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4238**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOBORIS TANTON BUIE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:01-cr-00288-NCT-1)

Submitted:  November 21, 2017                    Decided:  November 30, 2017

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Sandra Jane Hairston, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Toboris Tanton Buie appeals from the district court's judgment and commitment order revoking his supervised release and imposing a 20-month sentence. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Buie's sentence was plainly unreasonable. Buie filed a pro se supplemental brief raising two issues. The Government has declined to file a brief. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B (2016), and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2012), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. *Crudup*, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7 advisory policy statements and the § 3553(a) factors it is permitted to consider in a supervised release revocation case. *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439-40. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. Only if a

sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is *plainly* unreasonable." *Id.* at 439 (emphasis omitted).

We discern no error in the district court's decision to impose a 20-month sentence and terminate supervision thereafter. The court adequately stated permissible reasons for the sentence, including Buie's pattern of continuing criminal conduct that necessitated a sentence deterring Buie from future criminal conduct and protecting the public. We have carefully reviewed the record and *Anders* brief and conclude that Buie's sentence is not plainly unreasonable. We find no merit in the claims Buie raises in his informal brief.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment. This court requires that counsel inform Buie in writing, of the right to petition the Supreme Court of the United States for further review. If Buie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Buie. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*